**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LYNN GAVIN**, *et al.*,<br><br>       Plaintiffs,<br><br>  vs.<br><br>**SAN FRANCISCO HOUSING AUTHORITY**, *et al*.,<br><br>       Defendants. | Case No.: 16-cv-4974 YGR<br><br>**ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS'** *EX PARTE* **APPLICATION**<br><br>Re: Dkt. Nos. 11, 13, 14, 20 |

*Pro se* plaintiff Lynn Gavin and her family members Bamidele Hambolu and Ibukun Hambolo initially filed this wrongful eviction action in state court, alleging various federal and state law violations against both federal and state defendants, as well as against government officials and San Francisco Superior Court Judge Ronald E. Quidachay. They did so after a court in the Northern District of California declared Gavin a vexatious litigant and prohibited her from filing such a suit in federal court again without the permission of the court. On August 30, 2016, the federal defendants filed a notice of removal to federal court. (Dkt. No. 1.) The federal defendants (Dkt. Nos. 6 and 11), City and County of San Francisco (Dkt. No. 14), and San Francisco Housing Authority (Dkt. No. 13) now move to dismiss the complaint. On October 5, 2016, plaintiffs also filed an *ex parte* application for return of housing choice voucher. Having carefully considered the papers submitted the record in this case, and for good cause shown, the federal defendants' motion to dismiss is **DENIED IN PART AND GRANTED IN PART.** The City and County of San Francisco's and San Francisco Housing Authority's motions to dismiss are

**GRANTED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.**[1] Plaintiffs' *ex parte* application is **DENIED**.

## I. BACKGROUND

### A. Previous Litigation and Vexatious Litigant Order ("VLO")

This is the eleventh wrongful eviction action that plaintiff Gavin has filed alleging that she and her family were wrongfully evicted from the Parkmerced apartments in 2012 after they failed to pay allegedly usurious utility bills. On January 12, 2016, the Honorable Edward M. Chen of the Northern District of California declared Gavin a vexatious litigant and prohibited her from filing suit again without leave of court. (VLO, Dkt. No. 1-4 at 8.) The order states in pertinent part:

> Plaintiff is hereby **DECLARED** a vexatious litigant. The Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiff alleging any claims of wrongful eviction from the Parkmerced apartment in 2012. If Plaintiff wishes to file a complaint alleging any such claims, she shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing. Any violation of this Order will expose Plaintiff to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

Plaintiff did not appeal the court's dismissal of plaintiff's claims or the court's declaration that Plaintiff is a vexatious litigant. A full recitation of the facts of this case and plaintiff's litigation history is set out in the VLO.

### B. The Instant Litigation

On August 12, 2016, plaintiffs initially filed their "First Amended Complaint" in state court. (Dkt. No. 1-2 ("FAC").) The Complaint alleges fourteen claims: (1) Violation of the Housing Act; (2) Violation of 42 U.S.C. § 1983; (3) Discrimination Based on Disability (Unruh Act); (4) Discrimination Based on Disability Cal. Civ. Code§ 51(f); (5) Unfair Competition: Cal. Bus. Prof Code § 17200; (6) Breach of Contract: Cal. Civ. Code§ 337; (7) Cruelty to Animals: Cal. Pen Code§ 569; (8) Fraud: Cal. Civ. Code § 1572; (9) Failure to Prevent Harm; (10) Intentional

---

[1] San Francisco Housing Authority's Request for Judicial Notice of various "Pleadings filed in the action" is **DENIED**, as it is not apparent to which documents it refers. (Dkt. No. 12.)

Infliction of Emotional Distress; (11) Negligence: Cal. Civ. Code § 3294; (12) Injunctive Relief; (13) Declaratory Relief; and (14) Interpleader.

In general, the FAC alleges that on July 25, 2012, the San Francisco Sheriffs wrongfully evicted Gavin and her family from their Section 8 housing because of a dispute over the payment of allegedly usurious utility fees. (FAC ¶ 62.) The Three-Day Notices Gavin received requested utility fees in arrears for nearly two years. (*Id.* ¶¶ 79, 243.) Gavin attempted to contact various state and federal officials for assistance, but none provided it. Gavin alleges that the rates were in excess of the amount allowed under federal law, and that defendant San Francisco Housing Authority ("SFHA") fraudulently represented to her otherwise. Gavin further alleges that defendants discriminated against her based on her disabilities. (*Id.* ¶¶ 115-121.) She alleges that she and her family have suffered monetary and emotional harm as a result of defendants' actions.

Plaintiffs seek injunctive relief, including reinstatement of their housing, declaratory relief, treble damages, attorney's fees, a restraining order, and an accounting.

## II. FEDERAL DEFENDANTS' MOTION TO DISMISS

### A. Vexatious Litigant Order

The federal defendants argue that Gavin's filing in state court violated the VLO. The Court disagrees. By its plain terms, the order does not prohibit Gavin from filing suit in state court. Rather, it contemplates restrictions on such a filing in "this Court." (VLO at 8.) Therefore, the motion is **DENIED** on this ground.

### B. Improper Service

The federal defendants further argue that plaintiffs have not properly served the federal defendants pursuant to Federal Rule of Civil Procedure 4(i)(1) governing service on the United States, its agencies, and its employees. The rule states as follows:

> To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

3

>**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4. Plaintiffs have served a copy of the summons and Complaint on the U.S. Attorney's Office for the Northern District of California, but have not yet served the U.S. Attorney General, U.S. Department of Housing and Urban Development ("HUD"), or any of the HUD officials identified as defendants.

A plaintiff may perfect service post-removal pursuant to 28 U.S.C. section 1448. Accordingly, the Court **GRANTS** plaintiffs an extension to serve the federal defendants by no later than January 16, 2017, and file the proof of service. Pursuant to Federal Rule of Civil Procedure 12(a)(2), the federal defendants shall file a responsive pleading within sixty (60) days of service.

### III. CITY AND COUNTY OF SAN FRANCISCO AND SFHA'S MOTIONS TO DISMISS

#### A. Vexatious Litigant Order

Defendants City and County of San Francisco ("City Defendants") and San Francisco Housing Authority have also brought motions to dismiss the FAC. Like the federal defendants, they similarly argue that Gavin's filing of the complaint in state court violated the VLO. For the same reasons, the Court **DENIES** the motion on this basis.

#### B. Failure to State a Claim

In addition, the City Defendants bring a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

##### *i. Legal Standard*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face

4

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed.  *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (citation omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original) (citation omitted).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)).  The Court will not assume facts not alleged, nor will it draw unwarranted inferences.  *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").  Furthermore, a *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (citation omitted).

If dismissal is appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

### ii. Discussion

The City Defendants argue that plaintiffs' state law claims must be dismissed because plaintiffs fail to allege compliance with California's claims presentation requirements under the California Tort Claims Act ("CTCA").  *See* Cal. Gov. Code § 905.  Under the CTCA, "a plaintiff may not maintain an action for damages against a public entity unless a written claim has first been

presented to the appropriate entity and has been acted upon by that entity before filing suit in court." *Butler v. Los Angeles*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (citing Cal. Gov. Code §§ 905, 945.4, 950.2 and *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.")). Plaintiffs must present such claims to the entity they intend to sue "not later than six months after the accrual of the cause of action." *Id.* at 1002. "Plaintiffs must allege facts demonstrating or excusing compliance with the claim presentation requirements" to survive a motion to dismiss. *Id.* at 1001 (citation and internal quotation marks omitted).

Here, plaintiffs do not address the argument in the City Defendants' motion. The FAC does not allege that they filed a written claim under the CTCA or why they could not do so. It appears that plaintiffs' previous complaints, based on substantially the same set of facts, do not allege this fact either. Therefore, the Court construes plaintiffs' silence on the issue as an admission that they did not file a written claim under the CTCA prior to filing suit. Given, that plaintiffs' eviction occurred in 2012, the time for them to file a CTCA claim has long passed. Because no amendment could cure this deficiency in plaintiffs' FAC, the Court **DISMISSES WITH PREJUDICE** plaintiffs' state law claims against the City Defendants.

In addition, the City Defendants move to dismiss the FAC on the ground that plaintiffs fail to allege any facts that would show that the City Defendants violated any federal, state, or local law. Even construing the FAC liberally, the Court agrees that plaintiffs have failed to state the essential elements of the numerous claims they bring. Rather, the FAC generally describes the events pertaining to plaintiff' eviction and makes conclusory allegations regarding defendants' wrongdoing. While the Court is sympathetic to plaintiffs' hardships resulting from their eviction, their apparent inability to state a claim, especially in light of the extensive litigation history here, requires the Court to dismiss these claims. Therefore, the Court **DISMISSES WITH PREJUDICE** plaintiffs' remaining claims against the City Defendants. For the same reasons, the Court **DISMISSES WITH PREJUDICE** plaintiffs' claims against the SFHA.

The Court also **DISMISSES WITH PREJUDICE** the claims against the Honorable Ronald E. Quidachay, as he is entitled to judicial immunity for his judicial actions. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986).

### IV. PLAINTIFFS' EX PARTE APPLICATION AND MOTION TO FILE UNDER SEAL

On October 5, 2016, plaintiffs filed an *ex parte* application for return of housing voucher. It does not appear that plaintiffs served any of the defendants. As plaintiffs have not demonstrated that proceeding *ex parte* is appropriate in this instance, the motion is **DENIED** without further argument. Furthermore, plaintiffs' administrative motion to file the *ex parte* application under seal is **GRANTED IN PART**. (Dkt. No. 20.) The Court has redacted the pages of the application related to plaintiff Gavin's medical history that are appropriate for sealing.

### V. CONCLUSION

For the foregoing reasons, the federal defendants' motion to dismiss is **DENIED IN PART AND GRANTED IN PART**. The Court **GRANTS** plaintiffs an extension to serve the federal defendants by no later than January 16, 2017, and file the proof of service. The federal defendants shall file a responsive pleading within sixty (60) days of service. Both the City Defendants' and SFHA's motions to dismiss are **GRANTED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.** The Court also **DISMISSES WITH PREJUDICE** the claims against the Honorable Ronald E. Quidachay. Plaintiffs' *ex parte* application is **DENIED**.

Accordingly, only the following claims against the federal defendants remain in this action: Counts (2) Violation of 42 U.S.C. § 1983; (3) Discrimination Based on Disability (Unruh Act); (4) Discrimination Based on Disability Cal. Civ. Code§ 51(f); (6) Breach of Contract: Cal. Civ. Code§ 337; (9) Failure to Prevent Harm; (10) Intentional Infliction of Emotional Distress; (11) Negligence: Cal. Civ. Code § 3294; (12) Injunctive Relief; (13) Declaratory Relief; and (14) Interpleader.

This terminates Docket Numbers 11, 13, 14, and 20.

**IT IS SO ORDERED**.

Date: November 16, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**