UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LYNN GAVIN, ET AL.,**<br>Plaintiffs,<br>vs.<br>**OFFICE OF THE MAYOR, ET AL.,**<br>Defendants. | CASE NO. 16-cv-04974-YGR<br><br>**ORDER GRANTING REQUEST TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT WITH PREJUDICE, AND DENYING "MOTION FOR APPEAL"**<br><br>Re: Dkt. Nos. 38, 39, 40, 41 |

*Pro se* plaintiff Lynn Gavin and her family members Bamidele Hambolu and Ibukun Hambolo initially filed this wrongful eviction action in state court, alleging various federal and state law violations against multiple defendants. They did so after a court in the Northern District of California declared Gavin a vexatious litigant and prohibited her from filing such a suit in federal court again without the permission of the court. *See Gavin v. City & Cty. of San Francisco*, No. 15-CV-05202-EMC, 2016 WL 126937 (N.D. Cal. Jan. 12, 2016). On August 30, 2016, the federal defendants filed a notice of removal to federal court. (Dkt. No. 1.)

Plaintiffs have filed a "motion for appeal" (Dkt. No. 38) and have applied to proceed *in forma pauperis* (Dkt. Nos. 39, 40, and 41). Having carefully considered plaintiff's applications and the record in this case, and for the reasons discussed below, the Court **GRANTS** plaintiffs' *in forma pauperis* applications and **DISMISSES WITH PREJUDICE** the instant complaint. For the reasons set forth herein, the Court also **DENIES** plaintiffs' "motion for appeal".

**I.  DISCUSSION**

**A.  *In Forma Pauperis* Application**

The Court may authorize a plaintiff to commence an action in federal court *in forma pauperis*, meaning without prepayment of fees or security, if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security. 28 U.S.C. § 1915(a). When

1 presented with an application to proceed *in forma pauperis*, the Court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339).

In their applications, plaintiffs state that they are currently unemployed and that their only source of income is from plaintiff Gavin's social security, as she is disabled, and from plaintiff Hambolo's CalWORKs payments. Plaintiffs also assert that they lack any assets, and do not own any homes or vehicles. Given this information, The Court finds that the application to proceed *in forma pauperis* is well-taken and is **GRANTED**.

### B. Dismissal of the Complaint

The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The determination of whether the litigant has stated a claim is decided under the same standard used in Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be

dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original) (citation omitted). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Furthermore, a *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (citation omitted).

Here, plaintiffs' complaint fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Rather, even construing the complaint liberally, plaintiffs have failed to state the essential elements of the numerous claims they bring. The complaint generally describes the events pertaining to plaintiffs' eviction and simply repeats many of the same, conclusory allegations regarding defendants' wrongdoing. Further, all of the claims continue to be brought against the San Francisco Housing Authority, and many are also brought against the City and County of San Francisco, parties against whom the Court previously dismissed all claims with prejudice and without leave to amend. (Dkt. No. 26.) Consequently, the Court is unable to discern any legally cognizable claim in plaintiff's complaint and finds that dismissal of the complaint in its entirety is warranted.

While *pro se* litigants are generally given the opportunity to amend deficient pleadings, leave may be denied where amendment would be futile. This is the eleventh wrongful eviction action that plaintiff Gavin has filed alleging that she and her family were wrongfully evicted from the Parkmerced apartments in 2012 after they failed to pay allegedly usurious utility bills. All of plaintiff Gavin's cases have been dismissed on various grounds, including preclusion, statute of limitations, failure to prosecute, failure to state a viable claim, and failure to comply with administrative requirements such as the California Torts Claims Act. *Gavin v. City & Cty. of San Francisco*, No. 15-CV-05202-EMC, 2015 WL 7272678, at *2 (N.D. Cal. Nov. 18, 2015) (collecting cases). Although the Court is sympathetic to plaintiffs' hardships resulting from their eviction, given the legal deficiencies of plantiffs' complaint and plaintiff Gavin's problematic history of litigation in this district, the Court finds amendment would be futile and **DISMISSES** the complaint **WITH PREJUDICE**.

### C. Plaintiffs' "Motion for Appeal"

The Court is also in receipt of plaintiffs' "Notice of Motion and Motion for Appeal to Enjoin with Case Pending in the Court of Appeals." (Dkt. No. 38.) To the extent plaintiffs are requesting the Court issue an order suspending, modifying, restoring, or granting an injunction while an appeal is pending, pursuant to Federal Rule of Appellate Procedure 8(a)(1)(C), that request is **DENIED**. However, to the extent plaintiffs appear to filing an appeal of this Court's decision to the Ninth Circuit Court of Appeals, that request is **DENIED** as procedurally improper.

Plaintiffs are advised that they must comply with Federal Rule of Appellate Procedure 3 and Circuit Rule 3-1 to appeal an order of this Court. Plaintiffs should file a Notice of Appeal (Form A-2) with the Court in order to initiate their appeal.

## II. CONCLUSION

For the foregoing reasons, plaintiffs' requests to proceed *in forma pauperis* are **GRANTED**, plaintiffs' complaint is **DISMISSED WITH PREJUDICE**, and plaintiffs' "motion for appeal" is **DENIED**. The Clerk of the Court shall mail with this order a Notice of Appeal form to the plaintiffs.

This Order terminates the case and Docket Numbers 38, 39, 40, and 41.

**IT IS SO ORDERED.**

Dated: April 11, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**